IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DONALD RAY LOCKRIDGE,        )
                             )
         Petitioner,         )
                             )
vs.                          )    Case No. 02-CV-729-TCK-PJC
                             )
ERIC FRANKLIN, Warden,       )
                             )
         Respondent.         )

**OPINION AND ORDER**

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner also filed a supporting brief (Dkt. # 2). He challenges his conviction entered in Tulsa County District Court, Case No. CF-1998-1935. Respondent filed a response (Dkt. # 8) to the petition, and has provided the state court records (Dkt. #s 7 and 8) necessary for adjudication of Petitioner's claims. Petitioner filed a reply (Dkt. # 12) to Respondent's response. For the reasons discussed below, the Court finds the petition should be denied.

*BACKGROUND*

On April 12, 1998, at approximately 1:00 a.m., City of Tulsa Police Officer Antonia Hill observed Petitioner Donald Lockridge place a small cellophane packet in the return coin slot of a pay phone located in Tulsa County, Oklahoma. The packet contained material that field tested positive for the presence of cocaine.

As a result of these events, Petitioner was charged in Tulsa County District Court, Case No. CF-1998-1935, with Possession of a Controlled Dangerous Substance (Cocaine), After Former Felony Convictions. During his trial, Petitioner admitted he had seven (7) prior felony convictions

and testified that he had never had contact with cocaine and that he did not place any drugs in the coin slot. Nonetheless, at the conclusion of the jury trial, Petitioner was found guilty as charged. The jury recommended a sentence of twenty (20) years imprisonment, the minimum sentence allowed under Oklahoma law. On June 16, 1999, the trial court sentenced Petitioner in accordance with the jury's recommendation. Petitioner was represented at trial by attorney Clayton Hillis.

Petitioner appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, he was represented by attorney Lisbeth L. McCarty. Petitioner identified three (3) propositions of error as follows:

>   Proposition 1: Trial counsel was ineffective for failing to preserve a <u>Batson</u> issue.
>   
>   Proposition 2: Prosecutorial misconduct denied Appellant a fair trial.
>   
>   Proposition 3: The trial judge erred by failing to grant the motion for continuance.

(Dkt. # 8, Ex. A). In an unpublished summary opinion, filed June 20, 2000, in Case No. F-99-869, the OCCA denied each of Petitioner's claims and affirmed the Judgment and Sentence of the trial court. <u>See</u> Dkt. # 8, Ex. C.

Petitioner also filed an application for post conviction relief in the state district court. By Order filed on March 26, 2002, the district court denied relief on the following claims:

>   Proposition 1: Ineffective assistance of trial counsel in that his trial counsel:
>   a. Abandoned the Motion for a New Trial by failing to appear at the hearing set thereon.
>   b. Failed to investigate, subpoena and/or interview other witnesses at the crime scene which could have refuted the police officer's account of the events that took place.
>   c. Failed to object at trial to the prosecutor's improper remarks, thereby waving (sic) all but fundamental error. (Raised on direct appeal).
>   
>   Proposition 2: Ineffective assistance of appellate counsel in that his appellate counsel:
>   a. Failed search the record for defects in the trial overlooking the "dead-bang winner" that the petitioner's trial counsel had defaulted on the Motion for a

2

|   |   | New Trial. |
|---|---|---|
|   | b. | Inartfully presented the issues of prosecutorial misconduct and the trial judge's error in failing to grant a continuance. |

      Proposition 3: The cumulative effect of the errors committed by trial and appellate counsel denied the petitioner a fair trial and appeal.

See Dkt. # 8, Ex. D, attachment. Petitioner filed a post-conviction appeal in the OCCA (Dkt. # 8, Ex. D). By order filed July 2, 2002 (Dkt. # 8, Ex. E), the OCCA affirmed the district court's denial of post-conviction relief.

On September 20, 2002, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1) and supporting brief (Dkt. # 2). In his petition, Petitioner seeks habeas corpus relief on the following grounds:

    Ground 1:    Trial counsel was ineffective for failing to preserve a Batson issue.

    Ground 2:    Prosecutorial misconduct denied Appellant a fair trial.

    Ground 3:    The trial judge erred by failing to grant the motion for continuance.

    Ground 4:    Petitioner received ineffective assistance of counsel.

    Ground 5:    Petitioner was denied effective assistance of appellate counsel.

    Ground 6:    The cumulative effect of all the errors committed by trial counsel and appellate counsel denied Petitioner a fair trial and appeal and if not for these errors, the outcome of Petitioner's trial and appeal might very well have been different.

(Dkt. #s 1 and 2). Respondent contends that the issues raised by Petitioner are either procedurally barred or without merit. See Dkt. # 8.

## *ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated claims 1, 2 and 3 on direct appeal. In addition, the OCCA considered Petitioner's claim of ineffective assistance of appellate counsel on post-conviction appeal. Therefore, to the extent Petitioner's claims are cognizable in a federal habeas corpus

proceeding, those claims shall be reviewed pursuant to § 2254(d).

### *1. Ineffective assistance of counsel for failing to preserve a Batson claim (ground 1)*

As his first proposition of error, Petitioner, an African-American, asserts that trial counsel provided ineffective assistance in failing to preserve a challenge to the composition of his jury based on Batson v. Kentucky, 476 U.S. 79 (1986). Specifically, Petitioner claims that his trial counsel provided ineffective assistance in failing to have the *voir dire* portion of his trial transcribed. In rejecting this claim on direct appeal, the OCCA ruled that "Appellant's defense counsel was not ineffective as a result of his failing to preserve a *Batson* issue . . . Additionally, trial counsel was not ineffective assistance for electing not to transcribe *voir dire*. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct6. 2052, 80 L.Ed.2d 674, 693 (1984); *Huntley v. State*, 1988 OK CR 28, ¶ 8-9, 750 P.2d 1134, 1136." (Dkt. # 8, Ex. C).

The Court finds that Petitioner is not entitled to habeas corpus relief based on his claim that trial counsel provided ineffective assistance in failing to preserve a Batson claim for appellate review. To establish ineffective assistance of counsel a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t

is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

In order to establish an equal protection violation under Batson v. Kentucky, 476 U.S. 79, 98 (1986), Petitioner must be able to prove that the prosecutor intentionally discriminated on the basis of race when exercising his peremptory challenges. See also Sallahdin v. Gibson, 275 F.3d 1211, 1225 -1226 (10th Cir. 2002). Petitioner has not met that burden in this case. Although Petitioner's attorney waived the presence of a court reporter during the *voir dire* portion of trial, the trial record nonetheless reflects that the prosecutor gave race neutral reasons for striking each of the three (3) African-American prospective jurors, Ms. Naytah, Mr. Holland, and Ms. Wright. Defense counsel agreed that a race-neutral reason existed for removal of Ms. Naytah. However, he objected to the removal of Mr. Holland and Ms. Wright, the only remaining African-Americans in Petitioner's juror pool. In response to defense counsel's objection, the prosecutor explained that Mr. Holland was removed because he "was sitting there with a Bible," see Dkt. # 7, Tr. Trans. at 14, and Ms. Wright was removed because she made a response about "the subject of possession" that concerned the prosecutor, see id. Petitioner has failed to show that these reasons were pretextual. Nor do the prosecutor's proffered reasons for striking the African-American prospective jurors appear illogical or unpersuasive. Thus, Petitioner has failed to carry his burden of showing that the prosecution purposefully discriminated on the basis of race when exercising its peremptory strikes.

6

Assuming that Petitioner's trial counsel performed deficiently by failing to have the *voir dire* portion of trial transcribed, there was no prejudice to Petitioner as a result. The state court would have rejected the Batson challenge for the same reasons discussed above. Thus, Petitioner cannot establish an ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668 (1984). Petitioner has failed to demonstrate that the OCCA's rejection of this claim was contrary to or an unreasonable application of federal law and Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d).

### 2. *Prosecutorial misconduct (ground 2)*

As his second proposition of error, Petitioner complains that prosecutorial misconduct deprived him of due process of law and resulted in an unfair trial. See Dkt. # 1. Specifically, Petitioner complains that the prosecutor made several "unethical comments" implying that Petitioner was a drug dealer rather than just a user that "prejudiced the Petitioner severely." (Dkt. # 2). Petitioner cites to page 45 of the trial transcript. The record reflects that defense counsel objected to the comment and the objection was sustained. Petitioner also alleges that the prosecutor improperly questioned him concerning how much time he had actually served on his prior sentences. Lastly, Petitioner complains that the prosecutor "cast aspersions on the defense" and improperly commented on facts not in evidence. On direct appeal, the OCCA rejected Petitioner's claim of prosecutorial misconduct, concluding that "prosecutorial misconduct did not deny Appellant a fair trial." (Dkt. # 8, Ex. C).

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. 637, 642-648 (1974); Cummings v. Evans, 161 F.3d 610, 618

(10th Cir.1998). Inquiry into the fundamental fairness of a trial requires examination of the entire proceedings. Donnelly, 416 U.S. at 643. "To view the prosecutor's [conduct] in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's [conduct] plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

After reviewing the entire trial transcript, this Court finds that the OCCA's rejection of this claim was not an unreasonable application of constitutional law. In light of the evidence presented in this case, the Court finds no reasonable probability that the verdict would have been different without the prosecutor's comments and concludes that the proceedings against Petitioner were not rendered fundamentally unfair by prosecutorial misconduct. Pursuant to § 2254(d), habeas corpus relief on this claim shall be denied.

### 3. Trial court's denial of motion for continuance (ground 3)

As his third proposition of error, Petitioner alleges that the trial court erred in denying his motion for a continuance requested during trial after a state's witness identified a "surprise" potential witness resulting in reversible error. Petitioner asserts that because the potential witness "could have either corroborated or refuted the sole State witness's testimony, the defense strategy could have changed and quite possibly affected the outcome of the trial." Petitioner raised this claim on direct appeal. However, the OCCA rejected the claim, citing Bryson v. State, 876 P.2d 240, 254 (Okla. Crim. App. 1994), and concluding that "the trial judge properly denied the motion for continuance."

When denial of a continuance is asserted as the basis for a habeas petition, the petitioner

8

must show that not only was the denial an abuse of discretion, but also that the denial was "'so arbitrary and fundamentally unfair that it violates constitutional principles of due process.'" Case v. Mondragon, 887 F.2d 1388, 1396 (10th Cir. 1989) (quoting Hicks v. Wainwright, 633 F.2d 1146, 1148 (5th Cir. 1981)). The denial also must have "materially prejudiced the [defendant]." United States v. West, 828 F.2d 1468, 1469 (10th Cir. 1987). While there is no mechanical test to determine whether denial of a motion for continuance is so arbitrary as to violate due process, see id. at 1470, the Tenth Circuit has set forth several factors to be considered. See Scott v. Roberts, 975 F.2d 1473, 1476 (10th Cir. 1992). These factors include: (1) the diligence of the movant; (2) the likelihood that the purpose underlying the expressed need for the continuance would be accomplished by granting it; (3) the inconvenience likely to be suffered by the opposing party, its witnesses, and the court by granting it; and (4) the reason asserted for the continuance and the harm the movant might suffer as the result of a denial. Id. (citing West, 828 F.2d at 1470).

Application of those factors to the instant case leads the Court to conclude that habeas relief is not warranted as Petitioner has failed to establish a violation of his due process rights. Petitioner's counsel moved for a continuance during trial, after he learned of the existence of a potential witness based on the arresting officer's testimony that she had a ride-along passenger with her on the night of Petitioner's arrest. Counsel indicated he needed additional time to locate and interview the ride-along passenger. More than one full year, or sufficient time for discovery of the witness, passed between Petitioner's arrest and the trial. Thus, the passage of time reflects a lack of diligence by Petitioner. In addition, Officer Hill testified at trial that the ride-along passenger had to get out of the patrol car to change seats when Petitioner was placed in the patrol car to be transported for booking. See Dkt. # 7, Tr. Trans. at 59-60. Petitioner was transported to booking by Officer Hill

9

with the ride-along witness as a passenger in the patrol car. See id. at 42.  Thus, the existence of the potential witness should not have been a surprise to Petitioner.  Significantly, as noted by Respondent, two (2) other potential witnesses were present at the scene of Petitioner's arrest.  One of those potential witnesses, Rhonda Nelson, could have been but was not available to testify had she been able to refute the State's evidence.[1]  The Court finds Petitioner has failed to demonstrate both a likelihood that the potential witness could have benefitted his case and that he suffered harm as a result of the denial of a continuance. Under these facts, the trial court's denial of a continuance did not translate into a violation of Petitioner's due process rights. Therefore, the Court concludes that the OCCA's resolution of this issue was not unreasonable, and that the failure to grant the continuance does not warrant habeas relief.

### 4. Ineffective assistance of appellate counsel (ground 5 and part of ground 6)

As his fifth claim, Petitioner asserts that he was denied effective assistance of appellate counsel because his attorney failed to raise a claim on direct appeal alleging that trial counsel provided ineffective assistance in failing to present a Motion for New Trial.  In addition, Petitioner claims that appellate counsel "unartfully presented" claims alleging prosecutorial misconduct and erroneous denial of a motion for continuance.  As part of his sixth claim, Petitioner claims that he is entitled to habeas relief based on the cumulative effect of errors by appellate counsel.  The OCCA considered and rejected these claims on the merits as part of Petitioner's post-conviction appeal.  As to Petitioner's claim that his appellate counsel inadequately presented claims of prosecutorial misconduct and erroneous denial of a continuance, the OCCA determined that Petitioner had

---

[1] The record reflects that one of the witnesses, Mr. Birch, was from Indiana and his address was unknown to the parties.  See Dkt. # 7, Tr. Trans. at 39, 51.  The other witness who was present at the scene, Rhonda Nelson, was a known prostitute who apparently refused to speak to Petitioner or his trial counsel.  See id. at 33, 78-79, 82.

presented an incomplete record in support of his claims and, for that reason, the OCCA affirmed the district court's rejection of the claim. As to Petitioner's allegation concerning trial counsel's default of the motion for new trial, the OCCA agreed with the district court's determination that Petitioner had failed to demonstrate that he suffered prejudice as a result of counsel's abandonment of the motion for a new trial and, therefore, had failed to satisfy the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984).

In evaluating Petitioner's claim of ineffective assistance of appellate counsel, this Court applies the Strickland two-pronged standard used for claims of ineffective assistance of trial counsel. See United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995). The Strickland test requires a showing of both deficient performance by counsel and prejudice to Petitioner as a result of the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir.1998) (citing Cook, 45 F.3d at 392-93). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394.

In this case, the Court has determined above that Petitioner is not entitled to habeas corpus relief on either his claim of prosecutorial misconduct or his claim that the trial court erred in denying a continuance. The claims lack merit. Because the claim lacks merit, appellate counsel did not

provide ineffective assistance in failing to raise the claims with more flare or greater articulation.[2] Furthermore, the Court finds Petitioner has failed to demonstrate that he suffered prejudice as a result of trial counsel's abandonment of the motion for new trial. As noted by the state district court in its order denying post-conviction relief, under Oklahoma law "no significant rights are lost by the failure to pursue strategies or remedies at the hearing for new trial." See Dkt. # 8, Ex. D, attachment (post-conviction order citing Runnels v. State, 896 P.2d 564, 566 (Okla. Crim. App. 1995)). Lastly, having rejected each of Petitioner's claims of ineffective assistance of appellate counsel, the Court finds Petitioner is not entitled to relief based on cumulative error by appellate counsel. The Tenth Circuit Court of Appeals has repeatedly held that cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing United States v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990)). Although an appellant may be prejudiced as a result of the cumulative impact of multiple deficiencies in counsel's performance, see Harris By and Through Ramseyer v. Wood, 64 F.3d 1432, 1438 (9th Cir. 1995), in the absence of error by appellate counsel, the Court finds no basis for a cumulative error analysis in this case. Petitioner is not entitled to relief on this ground. Therefore, the Court finds that the OCCA's rejection of Petitioner's claim of ineffective assistance of appellate counsel was not an unreasonable application of Strickland and Petitioner is not entitled to habeas relief under § 2254(d).

---

[2] The Court notes that Petitioner fails to suggest any sound basis for strengthening the argument presented by appellate counsel concerning the denial of his motion for a continuance. Similarly, Petitioner's contention that appellate counsel "unartfully" presented the prosecutorial misconduct claim because she failed to reference trial counsel's failure to object contemporaneously to some of the prosecutor's remarks at trial is without merit. Even if appellate counsel had made the argument, Petitioner would not have obtained relief on direct appeal.

### C.  Procedural Bar (ground 4 and part of ground 6)

Petitioner alleges in his fourth ground and as part of his sixth ground for relief that he received ineffective assistance of trial counsel. He specifically claims in ground 4 that trial counsel provided ineffective assistance when he (1) abandoned the motion for new trial, (2) failed to investigate fully and interview the witnesses present at the crime scene, and (3) failed to object to the prosecutor's improper questions and argument.  As ground 6, Petitioner alleges cumulative error resulting from trial counsel's ineffective assistance.  Those claims of ineffective assistance of trial counsel were not presented to the OCCA on direct appeal and were first raised in Petitioner's post-conviction proceedings. In affirming the state district court's denial of post-conviction relief on procedural grounds, the OCCA found that Petitioner's claims of ineffective assistance of trial counsel could have been raised on direct appeal, but were not and that Petitioner had failed to provide a sufficient record in support of his claim that appellate counsel was responsible for the procedural default of the claims.  See Dkt. # 8, Ex. E.  Respondent asserts that this Court should uphold the procedural bar imposed by the OCCA as to Petitioner's claims of ineffective assistance of trial counsel asserted in grounds 4 and 6. The Court agrees with Respondent.

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent

if it is separate and distinct from federal law." Maes, 46 F.3d at 985.  A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'"  Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991)).

Applying the principles of procedural bar to this case, the Court concludes that Petitioner's fourth and sixth claims, challenging the effectiveness of Petitioner's trial counsel, are procedurally barred. The OCCA's procedural bar based on Petitioner's failure to raise the claims in a direct appeal is an "independent" state ground because it "was the exclusive basis for the state court's holding." Maes, 46 F.3d at 985.  Additionally, as to the adequacy of the procedural bar imposed on Petitioner's claims of ineffective assistance of trial counsel, the Tenth Circuit Court of Appeals has recognized that countervailing concerns may justify an exception to the general rule of procedural default. Brecheen v. Reynolds, 41 F.3d 1343, 1363 (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)). The unique concerns are "dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult with separate counsel on appeal in order to obtain an objective assessment as to trial counsel's performance."  Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th Cir. 1988)).  The Tenth Circuit explicitly narrowed the circumstances requiring imposition of a procedural bar on ineffective assistance of counsel claims first raised collaterally in English v. Cody, 146 F.3d 1257 (10th Cir. 1998). In English, the circuit court concluded that:

> Kimmelman, Osborn, and Brecheen indicate that the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone.  All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied.

Id. at 1264 (citation omitted).

14

After reviewing the record in the instant case in light of the factors identified in English, the Court concludes that the procedural bar imposed by the state courts on Petitioner's ineffective assistance of trial counsel claims is based on grounds adequate to preclude federal habeas review. As indicated above, Petitioner was represented at trial by attorney Clayton Hillis. On appeal, Petitioner was represented by attorney Lisbeth L. McCarty. For purposes of the first requirement identified in English, the Court finds that Petitioner had the opportunity to confer with separate counsel at trial and on appeal. The second English factor requires that the claim could have been resolved either "upon the trial record alone" or after adequately developing a factual record through some other procedural mechanism. Id. at 1263-64. In his reply to Respondent's response, Petitioner asserts that all of his "defective counsel errors require additional fact finding outside the record." See Dkt. # 12 at 7. Even if Petitioner's claims in this case could not all be resolved on the trial record alone, Petitioner has not alleged that the Oklahoma remand procedure, as provided by Rule 3.11 of the *Rules of the Oklahoma Court of Criminal Appeals*, was inadequate to allow him to supplement the record on his ineffective assistance of counsel claims. See Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999) (once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden shifts to the petitioner to make specific allegations as to the inadequacy of the state procedure). Although Respondent has alleged an independent and adequate procedural bar, Petitioner has not put the adequacy of Oklahoma's remand procedure at issue. As a result, he cannot demonstrate that Oklahoma's procedural bar is inadequate and his claims of ineffective assistance of trial counsel are procedurally barred.

Because of Petitioner's procedural default, this Court may not consider the claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage

of justice would result if his claim is not considered. See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941042 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In this case, Petitioner alleges ineffective assistance of appellate counsel as "cause" to overcome the procedural bar. It is well established that in certain circumstances, counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default. Carrier, 477 U.S. at 488-89. However, the assistance provided by appellate counsel must rise to the level of a constitutional violation. Id. Furthermore, the ineffective assistance of appellate counsel claim asserted as "cause" must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. Id. at 489. In this case, the claims identified by Petitioner on post-conviction appeal did include a claim that appellate counsel provided ineffective assistance in failing to raise the ineffective assistance of trial counsel claims on direct appeal. See Dkt. # 8, Ex. D. However, Petitioner failed to assert on post-conviction appeal a specific claim that appellate counsel provided ineffective assistance in failing to raise a claim of ineffective assistance of trial counsel for failing to investigate and interview witnesses. As a result, ineffective assistance of appellate counsel cannot serve as "cause" to overcome the procedural bar applicable to that

specific claim of ineffective assistance of trial counsel. See Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000). Furthermore, the Court has determined above that Petitioner has failed to demonstrate ineffective assistance of appellate counsel as to the specific claims he identified on post-conviction appeal. Therefore, the Court concludes Petitioner has failed to demonstrate cause sufficient to excuse the procedural default of his claims of ineffective assistance of trial counsel.

Petitioner's only other means of gaining federal habeas review of his defaulted claims is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Snaffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. Petitioner in this case does not assert that he is actually innocent of the crime for which he was found guilty. As a result, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result, the Court concludes that it is procedurally barred from considering the merits of Petitioner's ineffective assistance of trial counsel claims asserted in grounds 4 and 6. Coleman v. Thompson, 510 U.S. 722, 724 (1991). Habeas corpus relief on those

grounds shall be denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus (Dkt. # 1) is **denied**.

SO ORDERED THIS 17th day of July, 2006.

*Terence Kern*

TERENCE KERN
UNITED STATES DISTRICT JUDGE